Edward D. Boyack
Nevada Bar No. 05229
**BOYACK ORME & ANTHONY**
7432 W. Sahara Ave.
Las Vegas, Nevada 89117
ted@boyacklaw.com
702.562.3415
702.562.3570 (fax)
*Attorney for Plaintiff*
*Shane Clarke*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHANE CLARKE, an individual. | Case No.: 2:18-cv-00528 |
| Plaintiff, | Dept No.: |
| vs. | **COMPLAINT** |
| WESTERN FUNDING, INC., a domestic corporation formed under the laws of the State of Nevada; and WESTLAKE SERVICES, LLC dba WESTLAKE FINANCIAL SERVICES, a corporation formed under the laws of the State of California, | |
| Defendants. | |

**COMES NOW**, the Plaintiff, Shane Clarke (hereinafter referred to as "Plaintiff"), complaining of the Defendants, Westlake Services, LLC, d/b/a Westlake Financial; a Corporation formed under the laws of the State of California (hereinafter referred to as "Westlake"); and Western Funding, Inc., a corporation formed under the laws of the State of Nevada (hereinafter referred to as "Western") and is a subsidiary of Westlake (hereinafter collectively, "Defendants"), and would show the following:

## INTRODUCTION

1. Plaintiff brings this action due to violations of the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901 *et seq.*, (hereinafter referred to as "SCRA") by Defendants resulting in

damages to Plaintiff. Tracing its origins back to the Civil War (when Congress passed a total moratorium on civil actions brought against Union soldiers and sailors), the SCRA reflects this Nation's long-standing concern not only for national security (by ensuring that active duty servicemembers are able to focus on their duties without unnecessary distractions), but for the well-being of servicemembers themselves.

2. The purpose of the SCRA is, "…to provide for, strengthen, and expedite the national defense through protection extended by this Act to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation." 50 U.S.C. § 3902(1). *See also* Brewster v. Sun Trust Mortgage, Inc., 742 F.3d 876, 878 (9th Cir. 2014).

3. One of the primary protections of the SCRA is to prevent financing and purchasing contracts from being terminated for nonpayment and to limit the interest rate on all pre-service debts or other obligations. To this end, the SCRA requires, that after a service-member presents a written request for an interest rate cap of 6% on their pre-service debt or obligation, along with a copy of their military orders as proof of entitlement to SCRA protection, such lender must reduce said interest rate to 6%. 50 U.S.C. § 3937(b)(2).

4. Plaintiff, Shane Clarke, an Officer in the U.S. Army Reserve, brings this action seeking relief to remedy Defendant's unlawful conduct related to its failure to adjust the interest rate on his loan following presentation of proper written notice accompanied by military orders. Additionally, the plaintiff brings action seeking relief for the unlawful termination and charge-off of his vehicle financing agreement while he was on active duty orders.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this court because this civil action arises under a federal law, the SCRA, 50 U.S.C. §3901 et seq. 28 U.S.C. 1331.

6. Jurisdiction and venue are proper in this Court because Western maintains its headquarters and principal place of business in Las Vegas, Nevada and is therefore subject to this Court's personal jurisdiction.

7. Venue is proper in this Court because Western is a Nevada entity conducting business in Las Vegas, Las Vegas County, Nevada; 28 U.S.C. 1391(b).

**PARTIES**

8. Shane Clarke is *sui juris* and is domiciled in the State of Colorado.

9. Defendant Western is a corporation formed under the laws of the State of Nevada, and is subsidiary to co-defendant Westlake. Western is the original contracting party with whom the Plaintiff contracted for financing of his vehicle. Following the request for SCRA 6% interest rate protection, Western terminated the contract with the Plaintiff, charged off the account, and turned it over to a company that handled their collections, the Co-defendant, Westlake.

10. Defendant Westlake is the "parent" company of Western and currently maintains the Plaintiff's vehicle financing debt. Westlake has accelerated the payments due by the Plaintiff as a result of the contract termination. Furthermore, Westlake has made attempts to collect the debt in full thereby becoming complicit in the actions of Western. As a result of their actions and business relationship, the Defendants are agents of each other for all intents and purposes of this action.

**GENERAL ALLEGATIONS**

11. Plaintiff received financing on a vehicle from the Defendants. *See Exhibit 1*, attached hereto.

12. Plaintiff was ordered to full time active duty in the Army National Guard via military orders dated March 7, 2017. *See Exhibit 2*, attached hereto.

13. Soon after receiving orders to active duty, the Plaintiff contacted Defendant Western and requested in writing that the interest on his vehicle financing be reduced in accordance with the SCRA. *See Exhibit 3*, attached hereto.

14. Following the submission of the written request for an SCRA 6% interest rate cap, the Defendants took the following actions:

   a. Defendants refused to honor the 6% interest rate cap in accordance with the SCRA;

b. Defendants made a determination that the plaintiff was unable to pay the obligation in accordance with its terms;

c. Defendants made a change in the terms of the existing credit arrangement:

   i. Defendants immediately charged off the account. *See Exhibit 4*, attached hereto.

   ii. Defendants immediately accelerated payment on the vehicle and all remaining balances were made due in full. *Id.*

   iii. Western terminated the financing contract and transferred the account to Westlake, Western's parent company.

d. Defendants made annotation on Plaintiff's account of his Reserve Duty Status; *Id.*

e. Defendants alleged that the charge-off of the contract was due to a breach of the terms of an enforceable contract between them; *Id.*

f. Defendants unilaterally redefined the terms of repayment;

g. Defendants changed the status of the account from an account in normal repayment status to one handled by their "charge off" department; and

h. Defendants changed the status of the account by terminating the original account, and changing it to one handled by their, "charge off" department.

## FIRST CAUSE OF ACTION
(VIOLATION OF THE SERVICEMEMBERS CIVIL RELIEF ACT, 50 U.S.C. §§ 3901 *ET SEQ.*)

15. The Plaintiff realleges each allegation stated in paragraphs 1- 14 as though specifically alleged herein.

16. The Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.*, is a federal statute designed to provide servicemembers with protections against certain civil proceedings that could adversely affect their legal rights while they are in military service.

17. One of the primary protections of the SCRA is to limit the interest rate on all pre-service debts or other obligations. To this end, the SCRA requires, that after a service-member presents a written request for an interest rate cap of 6% on their pre-service debt or obligation, along with a copy of their military orders as proof of entitlement to SCRA

protection, such lender must reduce said interest rate to 6% or less. 50 U.S.C. § 3937(b)(2).

18. Additionally, The SCRA, prohibits acceleration of the balance due on an account in response to a request for 6% interest rate cap. 50 U.S.C. 3937(a)(3).

19. The SCRA mandates that requests for SCRA protections are not to impact certain future financial interests and specifically prohibits a lender or creditor from making a determination that the servicemember is unable to pay the civil obligation or liability in accordance with its terms as a result of a request for SCRA protections. 50 U.S.C. 3919(1).

20. The SCRA further states that a request for SCRA protections shall not itself provide a basis for a denial or revocation of credit by the creditor or a change by the creditor in the terms of an existing credit arrangement. 50 U.S.C. 3919(2).

21. The SCRA further states that

> "After a servicemember enters military service, a contract by the servicemember for—(A) the purchase of real or personal property (including a motor vehicle); or (B) the lease or bailment of such property, may not be rescinded or terminated for a breach of terms of the contract occurring before or during that person's military service, nor may the property be repossessed for such breach without a court order."
> 50 U.S. C. 3952 (a).

22. Once provided with a written request for the 6% interest rate cap along with the service-members military orders, Western was obligated to reduce the interest rate to 6%.

23. Western failed to properly reduce the interest rate to 6% as evidence by Plaintiff's Exhibit (4).

24. Instead Western accelerated the balance due in full.

25. Western was also thereafter prohibited from changing the terms of the contract in response to the request for SCRA protections.

26. Following receipt of orders to active duty, the Defendants were prohibited from rescinding or terminating a financing contract on a vehicle without first obtaining a court order.

27. The actions of the Defendants constitute a violation of the SCRA in that both Western and Westlake acted as agents of each-other or individually to:

    a. Accelerate the balance due in violation of 50 U.S.C. 3937;

    b. Accelerate the balance due and charge-off the account at issue, thereby terminating the financing contract without a court order in violation of 50 U.S.C 3952; and

    c. Attempt to renegotiate the terms of payment based on the SCRA application in violation of 50 U.S.C. 3937.

28. As a proximate and direct result of the Defendants' violations of the SCRA, the Plaintiff has suffered and will continue to suffer actual, incidental, consequential, special and punitive damages and is, therefore, entitled to judgment against Defendants, for such an amount of as the trier of fact may find, together with attorneys' fees and costs, and for such other and further relief as this Court may deem just and proper.

[The rest of page intentionally left blank]

**WHEREFORE,** the Plaintiff prays for the following relief:

A. For judgment against the Defendants under the claims as aforesaid, to include actual, consequential, special, and punitive damages, together with interest, attorney's fees and costs as determined by either a Jury or this Court;

B. For interest, attorney's fees and reasonable costs;

C. For civil fines to be imposed against the Defendants in accordance with the SCRA; and

D. For such other and further relief the Court deems just and proper.

DATED this 22nd day of March, 2018.

                                        **BOYACK ORME & ANOTHONY**

                                        By: __*Edward D. Boyack, Esq.*___
                                        Edward D. Boyack
                                        Nevada Bar No. 05229
                                        **BOYACK ORME & ANTHONY**
                                        7432 W. Sahara Ave.
                                        Las Vegas, Nevada 89117
                                        *Attorney for Plaintiff Shane Clarke*

**INDEX OF EXHIBITS**

1. Financing

2. Active Duty Order

3. Emails

4. Westlake Attorney Emails